UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY NEWBILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07CV00137 (JR) |
| | ) |
| WASHINGTON GAS LIGHT COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

Washington Gas Light Company (Washington Gas) moves the Court pursuant Fed.R.Civ.P 12(b)(3) to dismiss this action or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a). In support of this motion, Washington Gas incorporates by reference the attached memorandum. Pursuant to LCvR 7(m), Washington Gas states that the required discussion between counsel about this motion occurred on February 6, 2007, and plaintiff does not consent.

Respectfully submitted,
WASHINGTON GAS LIGHT COMPANY


_____/s/_____
By: L. Edward Funk (D.C. Bar #201327)
    Stephen J. Price (D.C. Bar # 439239)
Attorneys for Washington Gas Light Company
Office of General Counsel
101 Constitution Avenue, NW
Washington, D.C. 20080
(202) 624-6331

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY NEWBILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07CV00137 (JR) |
| | ) |
| WASHINGTON GAS LIGHT COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

Washington Gas Light Company (Washington Gas) has moved the Court to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(3) or, in the alternative, to transfer this action to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a). In support of this motion, Washington Gas submits the following:

### I. STATEMENT OF THE CASE

#### A. Parties

Washington Gas is a natural gas public utility with its main operating facility at the Springfield Operations Center (SOC), which is in Fairfax County, Virginia. Plaintiff is a Washington Gas employee, who alleges in the first paragraph of the Complaint that he is "a resident of the Commonwealth of Virginia" and who works as a union-eligible welder at SOC in Springfield, Virginia. (Affidavit of Frankie Bowens (Ex. #1).)

1

### B. Other Proceedings

In April 2004, plaintiff filed a charge of employment discrimination based upon race (Black) with the Fairfax County Human Rights Commission (FCHRC). Plaintiff, who complained about work assignments, stated that "I am presently employed as a senior welder with Washington Gas & Light Company (sic) at its Springfield, Virginia, location." (Charge (Ex. #2).) Subsequently, the complaint was sent to the Equal Employment Opportunity Commission (EEOC).

In June 2006, following exhaustive investigation, FCHRC concluded that "there is insufficient evidence to support the allegations" and closed the case. (FCHRC Notice (Ex. #3).) In paragraph 13 of the Complaint, plaintiff alleges that he has received a "right to sue letter from EEOC dated November 16, 2006."

### C. Complaint

On January 19, 2007, plaintiff filed the instant action. Although in paragraph #3 of the Complaint, plaintiff invokes the Court's jurisdiction under Title VII and 42 U.S.C. §1981, he makes no allegations concerning venue.

Nevertheless, plaintiff complains that he has been "subject to discrimination ... in the workplace" at SOC (Complaint, ¶8) and has been subject to a "racially hostile atmosphere" (Complaint, ¶9) and "different standards" (Complaint, ¶ 10) at SOC. And in paragraph #12, he alleges that after he filed his charge of discrimination, his supervisor at SOC "started monitoring him closely."

## II. ARGUMENT

### A. Improper Venue

Venue in a Tile VII case is governed by 42 U.S.C. § 2000e-5(f)(3). That statute provides that an action may be brought in any judicial district in the State where "the unlawful employment practice is alleged to have been committed," where "the employment records relevant to such practice are maintained and administered," or where "the aggrieved person would have worked but for the alleged unlawful employment practice."

Plaintiff's workplace -- Washington Gas' Welding Shop -- is located at SOC. And plaintiff's supervisor and departmental vice president are located at SOC. Washington Gas' Human Resources Department, where plaintiff's personnel records are maintained and where the Company's collective bargaining agreements are administered, is also located at SOC. And plaintiff continues to work at SOC. (Ex. #1).)

Fed.R.Civ.P. 12(b)(3) provides that the defense of improper venue may be made by motion and that improper venue may be a basis for dismissal. Notwithstanding the provisions of the Title VII venue statute, plaintiff, by counsel, chose to file his complaint in this Court. As venue in this Court is improper, this Complaint, which does not allege any particular actionable discrimination, should be dismissed.

### B. Transfer

In the event the Court does not dismiss this action for improper venue, however, Washington Gas submits that it should be transferred to the United

3

States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a). That statute provides for transfer of a case laying venue in the wrong district "if it be in the interest of justice."

This Court has stated: "Generally, transfers based on the interest of justice are favored over the dismissal of actions." El v. Belden, 360 F.Supp.2d 90 (D.D.C. 2004) (action transferred to United States District Court for the Eastern District of Virginia, as "[v]enue cannot lie in the District of Columbia when a substantial part, if not all, of the challenged employment actions occurred outside the District."

As in El, a substantial part, if not all, of the actions complained about in the instant case occurred within the Eastern District of Virginia. And therefore, as in El, the instant case should be transferred to that court.

### III. CONCLUSION

As the allegedly discriminatory conduct occurred in Fairfax County, Virginia, and relevant Company records are kept in Fairfax County, Virginia, the Complaint should be dismissed or, alternatively, the case should be transferred to the United States District Court for the Eastern District of Virginia.

                Respectfully submitted,
                WASHINGTON GAS LIGHT COMPANY

                _____/s/_____
                By: L. Edward Funk (D.C. Bar #201327)
                   Stephen J. Price (D.C. Bar #439239)
                Attorneys for Washington Gas Light Company
                Office of General Counsel
                101 Constitution Avenue, NW
                Washington, D.C. 20080
                (202) 624-6331

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY NEWBILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07CV00137 (JR) |
| | ) |
| WASHINGTON GAS LIGHT COMPANY, | ) |
| | ) |
| Defendant. | ) |

### AFFIDAVIT OF FRANKIE BOWENS

COUNTY OF FAIRFAX,
COMMONWEALTH OF VIRGINIA

Frankie Bowens, having been duly sworn, says:

1. I am presently Manager of Field Operations for Washington Gas Light Company (Washington Gas or Company), the gas distribution utility in the metropolitan area. My office is located at the Company's main operating facility, the Springfield Operations Center (SOC), which is located in Springfield, Virginia.

2. Between January 2004 and November 2005, I was Area Head of Construction Support and managed Washington Gas' Fabrication Shop, which includes the Welding Shop. My office was located at SOC.

3. Johnny Newbill was, and is, a union-eligible Senior Welder (Grade 7A) in the Welding Shop.

4. The Welding Shop is located at SOC in Fairfax County, Virginia, and Washington Gas' welders report for work at SOC.

5. The Welding Shop supervisor and the Washington Gas officer with responsibility for the Welding Shop are also located at SOC.

6. Welding Shop records are kept in the Welding Shop at SOC.

7. In 2005, I and a representative from Washington Gas' Human Resources (HR) Department provided information at a hearing at the Fairfax County Human Rights Commission in Fairfax, Virginia, with regard to a charge of employment discrimination filed by Mr. Newbill against Washington Gas.

8. Washington Gas' HR Department is located at SOC. HR records, including personnel records, are maintained in the HR Department at SOC.

9. The Company's collective bargaining agreements are also administered through the HR Department at SOC.

10. I have personal knowledge of the matters contained herein and am competent to testify thereto.

_____
FRANKIE BOWENS

SUBSCRIBED AND SWORN TO before me a Notary Public of the Commonwealth of Virginia this __8TH__ day of February, 2007.

_____
NOTARY PUBLIC

My Commission expires: __12/31/07__

2

# Exhibit 2



# FAIRFAX COUNTY
### VIRGINIA

**HUMAN RIGHTS COMMISSION**
12000 Government Center Parkway, Suite 318
Fairfax, Virginia 22035-0093

www.co.fairfax.va.us/hrc

Telephone: 703-324-2953   Fax: 703-324-3570   TTD: 703-324-2900

HRC # 2004104E
EEOC # _____

**COMPLAINANT:**

NAME: Mr. Johnny Newbill
ADDRESS: 466 Fernlea Road
CITY: Tappahannock   STATE: Virginia   ZIP: 22560
PHONE: (H) (804) 443-5087

**RESPONDENT:**

NAME: Washington Gas & Light Company
ADDRESS: 6801 Industrial Road
CITY: Springfield   STATE: Virginia   ZIP: 22151
PHONE: (703) 750-1000

**CLASSIFICATION OF COMPLAINT:**

| ISSUE | BASIS | |
|---|---|---|
| ☐ Credit Facilities | ☐ Age (Over 40) | ☐ Sex |
| ☐ Education | ☐ Color | ☒ Race |
| ☒ Employment | ☐ Marital Status | ☐ Disability |
| ☐ Housing | ☐ Religion | ☐ Familial Status |
| ☐ Public Accommodations | ☐ National Origin | ☐ Other |
| | ☐ Retaliation | |

Please state the nature of your complaint:

I am a Black male. I am presently employed as a senior welder with Washington Gas & Light Company at its Springfield, Virginia, location. During my tenure with the respondent, I have witnessed a significant amount of race-based discrimination in the workplace directed against me and against others. I have also routinely complained about these discriminatory employment practices to the respondent's representatives and others but to no avail.

During the past year, I have routinely suffered instances of racial discrimination at the hands of my supervisor, Sidney Coleman (White). For example, even though seniority is supposed to dictate the assignment of work—with the more challenging, complex assignments going to more senior welders—as well as opportunities for special work assignments (called temporary transfers), which allow welders to enhance their skill sets, Mr. Coleman regularly passes me over in favor of White welders with significantly less seniority and/or experience. While Mr. Coleman has not given me a selective job to complete in over two years, Kevin Pillsbury (White) most recently received selective assignments on November 16, 2003, January 20, 2004, and February 12, 2004; Alvin Dore (White) most recently received selective assignments on

COMPLAINANT: Mr. Johnny Newbill
Page 2

December 14, 2003, January 7 and 28, 2004, and February 12 and 25, 2004; and Tony Kurucz (White) most recently received selective assignments on November 28, 2003, and January 26, 2004.

Additionally, Mr. Coleman shows favoritism along racial lines when deciding whom he will contact to offer the opportunity to go out on lucrative emergency calls or weekend work assignments. Even though I am ready and willing to respond to emergency calls and/or work weekends and even though our workplace policy dictates that Mr. Coleman is supposed to rotate these opportunities so that everyone can have a chance, he routinely provides these opportunities to my White coworkers but excludes me. I have never been called to work an emergency job and aside from a few recent rarities, I have seldom been called to work weekends.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, or belief.

_Johnny Newbill_
(Signature of Complainant)

NewbiJVN.com

Date received by
Human Rights Commission

**RECEIVED**
APR 1 4 2004
COUNTY OF FAIRFAX
HUMAN RIGHTS COMMISSION

# Exhibit 3

**County of Fairfax, Virginia**

To protect and enrich the quality of life for the people, neighborhoods and diverse communities of Fairfax County

June 30, 2006

Ms. L. Patrice Latimer, Counsel
Washington Gas & Light Company
1100 H Street, N.W.
Washington, D.C., 20080

RE:   HRC #2004104E/EEOC #10DA400132
      Newbill v. Washington Gas & Light Co.

Dear Ms. Latimer:

The staff of the Fairfax County Human Rights Commission has completed its investigation of the above-referenced complaint and has concluded that there is insufficient evidence to support the allegations therein. This letter is notice of the closure of this case.

Thank you for your cooperation in this matter. If we can be of assistance to you in the future, please do not hesitate to contact us.

Sincerely,

for
Michael T. Cash
Executive Director

jm2004104E.clo

Human Rights Commission
12000 Government Center Parkway, Suite 318
Fairfax, Virginia 22035-0093
Phone: (703) 324-2953 ♦ Fax: (703) 324-3570 ♦ TTD: (703) 324-2900
www.fairfaxcounty.gov/hrc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY NEWBILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07CV00137 (JR) |
| | ) |
| WASHINGTON GAS LIGHT COMPANY, | ) |
| | ) |
| Defendant. | ) |

ORDER

Upon consideration of the Motion To Dismiss Or, In The Alternative, To Transfer, the Memorandum Of Points And Authorities In Support Of Motion To Dismiss Or, In The Alternative, To Transfer, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED, that the Motion To Dismiss Or, In The Alternative, To Transfer be, and hereby is, GRANTED; and it is further

ORDERED, that this action be, and hereby is, DISMISSED without prejudice.

_____
JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY NEWBILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07CV00137 (JR) |
| | ) |
| WASHINGTON GAS LIGHT COMPANY, | ) |
| | ) |
| Defendant. | ) |

ORDER

Upon consideration of the Motion To Dismiss Or, In The Alternative, To Transfer, the Memorandum Of Points And Authorities In Support Of Motion To Dismiss Or, In The Alternative, To Transfer, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED, that the Motion To Dismiss Or, In The Alternative, To Transfer be, and hereby is, GRANTED; and it is further

ORDERED, that this action be, and hereby is TRANSFERRED to the United States District Court for the Eastern District of Virginia.

_____
JUDGE